# U.S. Department of Justice

*United States Attorney*
*District of Nebraska*



2007 MAY 10  PM 4: 10

*487 Federal Building*
*100 Centennial Mall North*
*Lincoln, Nebraska 68508-3865*

PH: (402) 437-5241

FAX : (402) 437-5390

January 30, 2007

O'Dari Zandaghe Wiley
℅ John J. Velasquez, Esq.
13057 W. Center Road, #17
Omaha, NE 68144

      Re: <u>United States v. O'Dari Zandaghe Wiley, 4:06CR3145</u>

Dear Mr. Wiley:

      Based upon your representation that you wish to resolve the charge now pending against you, the United States will enter into an agreement with you on the following conditions:

      1. You will waive Indictment and plead guilty to Count I of an Indictment charging a violation of Title 21, United States Code, Section 846, conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance. You understand that by entering this plea of guilty, you are exposed to imprisonment of not less than ten years nor more than life imprisonment, a fine of not more than $4,000,000, both such imprisonment and fine, at least five years of supervised release and a $100 special assessment. You are aware that certain prior convictions may enhance the penalties specified above. You are also aware that violation of supervised release may add additional time of imprisonment. See Title 18, United States Code, Section 3583(e)(3).

      2. Provided that you demonstrate acceptance of responsibility to the Probation Office and to the Court as set forth in U.S.S.G. §3E1.1(a), the undersigned Assistant United States Attorney stipulates that you have notified authorities in a timely manner of your intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently, and at time of sentencing, the undersigned Assistant United States Attorney agrees to move for a further one-level reduction for acceptance of responsibility as set forth in U.S.S.G. §3E1.1(b)

      3. You will enter your plea of guilty to Count I of the Indictment as set forth in paragraph one of this agreement at such time as may be exclusively determined by the United States Attorney for the District of Nebraska upon reasonable notice to you.

      4. The undersigned Assistant United States Attorney for the District of Nebraska agrees that you will not be federally prosecuted in the District of Nebraska for violations of controlled

substances law, other than as set forth in paragraph numbered one (1) above. This agreement is limited to those statements and acts of criminal conduct concerning controlled substances committed by you in the District of Nebraska prior to your initial appearance in this case on October 3, 2006, and does not limit in any way the right or ability of the United States to investigate or prosecute crimes occurring outside the scope of this agreement.

5. You agree that cooperation by you with the United States is not anticipated by this agreement, and you understand that a different document would have to be signed should you decide to cooperate in the future.

6. This agreement is limited to the United States Attorney's office for the District of Nebraska and does not bind any other federal, state or local prosecuting authorities.

7. The parties hereby agree that O'Dari Zandaghe Wiley is responsible beyond a reasonable doubt for at least 50 grams of a mixture or substance containing a detectable amount of cocaine base, and that his base offense level shall not be less than 32. The parties agree that the determination of the amount of cocaine base in excess of 50 grams for which O'Dari Zandaghe Wiley should be held responsible will be reserved for disposition through the sentencing process. Both parties reserve the right to present evidence on this issue, if necessary. The parties further agree that O'Dari Zandaghe Wiley should not receive any upward or downward adjustments for role in the offense. O'Dari Zandaghe Wiley also agrees not to seek any downward departure or deviation from the Sentencing Guidelines for any reason.

8. By signing this agreement, you agree that any or all information available to the U. S. Probation Office through provisions of pretrial services may be used by the probation office in preparing and submitting its presentence report and may be disclosed to the Court for purposes of sentencing. You hereby waive any objection to the use of such information for purposes of sentencing. However, information provided by Defendant, which is not otherwise available to the government, shall not be used against Defendant for sentencing pursuant to §1B1.8 of the Sentencing Guidelines.

9. Pursuant to Title 18, United States Code, Section 3013, the Court is obligated to impose at sentencing a mandatory special assessment of $100.00 for each felony count to which you enter a plea of guilty. Collection of these unpaid amounts after sentencing has proven to be a time consuming and costly matter for the government. Accordingly, as part of this plea agreement, you are required to provide these amounts at the time of sentencing in the form of a check (i.e., cashier's check, certified check, money order, or your attorney's trust fund check - no personal checks and no cash) made payable to the Clerk of the United States District Court. The check is to be made payable in the amount of the special assessment. This check is to be delivered to the Clerk of the United States District Court.

10. By signing this agreement, you acknowledge that, in the event you violate any term or condition of this agreement, you shall not, because of such violation of this agreement, be allowed by either the Court or the United States Attorney for the District of Nebraska, or his designate, to withdraw your plea of guilty.

11. Should the court for any reason not accept this plea agreement, this plea agreement shall be considered null and void, and the United States Attorney for the District of Nebraska, or his designate, may withdraw or decline to file any sentencing recommendation or motion for downward departure they are otherwise bound by this agreement to give regarding sentencing, and the United States may then prosecute you for law violations which the United States had otherwise promised in this agreement not to pursue.

12. Since your acceptance of this agreement terminates all plea discussions with the United States Attorney for the District of Nebraska, or his designate, any statements made by you after the date of your acceptance of this agreement are not governed by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence.

13. In addition to criminal prosecution purposes, the United States can use against you any disclosure(s) you have made pursuant to this agreement in any civil proceeding.

14. Nothing contained in this agreement shall in any manner limit your civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing against you any applicable civil remedy, including but not limited to remedies regarding taxation.

15. This plea agreement may be withdrawn by the United States Attorney for the District of Nebraska, or his designate, at any time prior to acceptance by you. Acceptance is deemed to occur when this document has been signed by you and your attorney and has been stamped as received in the offices of the United States Attorney for the District of Nebraska. In addition, if the United States Attorney for the District of Nebraska, or his designate, has not received this agreement back from you, properly executed, at the offices of the United States Attorney for the District of Nebraska on or before February 5, 2007, this proposed plea agreement is automatically withdrawn.

16. No promises, agreements, or conditions have been entered into other than those set forth in this document, and none will be entered into unless in writing and signed by all parties.

5-10-07
Date

O'DARI ZANDAGHE WILEY

5-10-07
Date

JOHN J. VELASQUEZ
ATTORNEY FOR O'DARI ZANDAGHE WILEY

5/10/07
Date

SARA E. FULLERTON
ASSISTANT UNITED STATES ATTORNEY