```
 1                IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEBRASKA
 2

 3      UNITED STATES OF AMERICA,    )  CASE NO.  4:06CR3145
                                     )
 4                   Plaintiff,      )
                                     )
 5      vs.                          )  Lincoln, Nebraska
                                     )  November 7, 2007
 6      O'DARI ZANDAGHE WILEY,       )  12:00 p.m.
                                     )
 7                   Defendant.      )

 8

 9

10
                   TRANSCRIPT OF SENTENCING PROCEEDINGS
11              BEFORE THE HONORABLE RICHARD G. KOPF
                      UNITED STATES DISTRICT JUDGE
12

13

14

15      APPEARANCES:

16      For the Plaintiff:           MS. SARA E. FULLERTON
                                     Assistant United States
17                                     Attorney - Lincoln
                                     100 Centennial Mall North
18                                   487 Federal Building
                                     Lincoln, Nebraska  68508
19
        For the Defendant:           MR. JOHN J. VELASQUEZ
20                                   Marks, Clare Law Firm
                                     11605 Miracle Hills Drive
21                                   Suite 300
                                     Omaha, Nebraska  68501
22

23

24      Proceedings recorded by electronic sound recording,
        transcript produced by transcription service
25
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1        (Whereupon, at 12:00 p.m., the following proceedings were
 2   had in open court:)
 3             THE COURT:  Please be seated.
 4             Good afternoon.
 5             We're on the record now in U.S. versus O'Dari Wiley,
 6   4:06CR3145.
 7             Counsel, please remain seated but now enter your
 8   appearance.
 9             MS. FULLERTON:  Your Honor, I'm Assistant United
10   States Attorney Sara Fullerton representing the Government.
11             MR. VELASQUEZ:  Good afternoon, Your Honor.  John
12   Velasquez appearing on behalf of the defendant O'Dari Wiley.
13             THE COURT:  Mr. Velasquez, may I confirm with you
14   that you have discussed the presentence report and the revised
15   sentencing recommendation with your client?
16             MR. VELASQUEZ:  Yes, Your Honor.
17             THE COURT:  With regard to the plea agreement, I take
18   it the parties want me to adopt it?
19             MS. FULLERTON:  Yes, Your Honor.
20             MR. VELASQUEZ:  Yes, sir.
21             THE COURT:  Is there anything in the plea agreement
22   which is inconsistent with the sentencing recommendation or the
23   presentence report?
24             MS. FULLERTON:  No, Your Honor.
25             MR. VELASQUEZ:  No, sir.
```

1          THE COURT: I adopt the plea agreement.

2          That then brings us to the presentence report. The
3 guidelines were amended effective November 1, 2007 to amend the
4 base offense level applicable to this case. And the probation
5 officer has submitted to the parties an amended guideline
6 calculation and the sentencing recommendation. So I would
7 think that I should note in the statement of reasons at
8 Paragraph 1(b)(2) that the base offense level has been reduced
9 by two levels to account for the amendment of the crack cocaine
10 guidelines effective November 1, 2007.

11          Counsel, what do you think about that?

12          MS. FULLERTON: I agree, Your Honor.

13          MR. VELASQUEZ: I would be in agreement with that,
14 Your Honor.

15          THE COURT: All right. I so rule.

16          Are there any other objec - are there any objections
17 then or motions regarding the presentence report other than to
18 apply the amended crack guidelines?

19          MS. FULLERTON: No, Your Honor.

20          MR. VELASQUEZ: No, sir.

21          THE COURT: All right.

22          MR. VELASQUEZ: Your Honor, no objections. And when
23 we get to the point of calculating how much time my client has
24 spent in jail, he tells me that it's a matter of ten days as to
25 when he was arrested so I'll discuss that at that point.

PDF created with pdfFactory trial version www.pdffactory.com

```
 1                 THE COURT:  Yes, sir.
 2                 Let me go over with you, then, counsel, the amended
 3    advisory guideline calculations.  We have a total offense level
 4    of 33, a criminal history category of 2, a custodial guideline
 5    range of 151 to 188 months in prison, a supervised release
 6    range of five years.  Probation is not authorized.  The fine
 7    range is $17,500 to 4 million dollars.  There is no monetary
 8    restitution required, and a $100 special assessment must be
 9    paid.
10                 Counsel, have I accurately stated the correct
11    advisory guideline calculations?
12                 MS. FULLERTON:  Yes, Your Honor.
13                 MR. VELASQUEZ:  Yes, sir.
14                 THE COURT:  Are the parties prepared to proceed to
15    sentencing at this time?
16                 MS. FULLERTON:  Yes, Your Honor.
17                 MR. VELASQUEZ:  Yes, Your Honor.
18                 THE COURT:  Now, there is pending a sealed petition
19    for action on conditions of pretrial release that alleges
20    essentially that the defendant was arrested on murder charges
21    in State Court.  I presume that this petition for action on
22    conditions of pretrial release should be dismissed as moot.  Do
23    you agree?
24                 MS. FULLERTON:  Yes, Your Honor.
25                 MR. VELASQUEZ:  Yes, sir.
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1             THE COURT:  All right.  I will do that.
 2             I will want the Government to address whether or not
 3   the allegations in the State action should be considered by me
 4   at the time of sentencing and, if so, how.
 5             We'll proceed to allocution now, and I'll hear from
 6   the Government.
 7             MS. FULLERTON:  Your Honor, I don't have any comments
 8   specific to this case.  With respect to the allegations that I
 9   understand that have been made against the defendant with
10   respect to the State case, if it's the Court's question as to
11   whether I believe it has anything to do with this case, I don't
12   have any information that leads me --
13             THE COURT:  That --
14             MS. FULLERTON:  -- to bel --
15             THE COURT:  -- that is my question.
16             MS. FULLERTON:  Yes.  I don't have any information
17   that leads me to believe that that particular matter is
18   connected to this case.
19             THE COURT:  All right.  Then I shan't give that any
20   particular significance.  Thank you.
21             Counsel?
22             MR. VELASQUEZ:  Thank you, Your Honor.  With regard
23   to allocution, I would ask that you make a recommendation to
24   the Bureau of Prisons, the $500 drug treatment program, that he
25   be placed preferably in Memphis - in the federal penitentiary
```

PDF created with pdfFactory trial version www.pdffactory.com

1  in Memphis, Tennessee or as close to Jonestown, Mississippi as
2  possible.  Mr. Wiley's from Jonestown, Mississippi and his
3  family - his parents and family live there, so he would like to
4  be placed as close to Jonestown, Mississippi as possible.  And
5  I believe that the closest federal facility is in Memphis,
6  Tennessee.  So I would ask for that recommendation.
7              THE COURT:  I will do so.
8              MR. VELASQUEZ:  Would ask for credit for time served.
9  There's some question with regard to that.  The records
10 indicate that he was arrested on this matter on September 30,
11 2006.  My client tells me that he was actually arrested on
12 September 20, 2006, ten days earlier.  I don't have any
13 information to substantiate that, but, again, that's what my
14 client tells me.  Although he was released on October 5 to CH,
15 he was still in custody.  He was not able to travel anywhere,
16 wasn't able to do anything.  And so I would ask that credit be
17 given for the time that he was supposedly released, October 5
18 through his actual physical release of February 6 of 2007.
19 Again, he was at CH in Council Bluffs, I believe, during that
20 time with 14 - approximately 14 days of that he was serving a
21 State sentence.  Then he was arrested, I believe, on May 17,
22 2007 in Mississippi while on pretrial release on the pending
23 State charge for the drive-by shooting.  And so I would ask
24 that he be given credit for that as well from the point of
25 incarceration, May 17, 2007.

PDF created with pdfFactory trial version www.pdffactory.com

1          I would also ask if the Court would make a
2   recommendation or would rule that his federal sentence be
3   allowed to be ran concurrently with any State sentence that he
4   would receive with regard to that pending State charge.
5          I would also ask that he be sentenced to the minimum
6   under the sentencing guidelines, 151 months.  He has
7   cooperated.  I don't believe he has information - it's my
8   understanding that he probably will not get a reduction for
9   substantial assistance, but he has cooperated at the federal
10  level as well as the State level.  He's cooperating on this
11  homicide charge, this drive-by shooting.  He was allegedly a
12  driver and so he's cooperating with the police.  So I would ask
13  the Court to take that into consideration.
14         THE COURT:  All right.  It's unlikely that I would
15  run the sentence concurrently because I doubt that that would
16  impose proper incremental punishment.  Tell me why I'm wrong.
17         MR. VELASQUEZ:  Judge, I believe that it's related -
18  I mean, this drug activity that he pled to was going on at the
19  same time as this alleged drive-by shooting.  I believe they're
20  related in that --
21         THE COURT:  Well, let me just cut you off and say if
22  they're related, then arguably I ought to jack the sentence up
23  and then arguably I ought to give him a concurrent sentence
24  assuming he gets convicted of the underlying murder charges.  I
25  suspect neither one of those alternatives is particularly

```
 1  palatable --
 2          MR. VELASQUEZ:  Correct.
 3          THE COURT:  -- to him, so - but go ahead and make
 4  whatever remarks you care to make.
 5          MR. VELASQUEZ:  Judge, he's cooperating at the State
 6  level with regard to that.  I think that - all I can say with
 7  regard to that is that he's trying to be as helpful as he can
 8  with the police and he --
 9          THE COURT:  Sure, I don't doubt that.
10          MR. VELASQUEZ:  -- so....
11          THE COURT:  Thank you, sir.
12          Miss Fullerton, with respect to the question of
13  credit for time served, do you have any information you'd like
14  to give me?
15          MS. FULLERTON:  Well, the only thing that I would
16  say, Judge, in terms of the September to October 2006 period,
17  is I look at the court record, and it shows the warrant being
18  received by the marshal's office on September 22 of 2006.  The
19  Indictment was actually filed on September 20.  The marshals
20  received it on September 22 of 2006.  This is Filing Number 9
21  which is the warrant.  And then that warrant also shows that it
22  was served - or the arrest was made on October 3 of 2006.
23          THE COURT:  October 3?
24          MS. FULLERTON:  Yeah, that's what it shows on the
25  warrant return.  So it seems to me that that's probably the
```

PDF created with pdfFactory trial version www.pdffactory.com

1  appropriate date to show that he came in - he was in federal
2  custody as of the date that that warrant was served upon him.
3  Because if he was arrested on September 20 of 2006 by the
4  Lincoln Police Department, that would have been prior to the
5  warrant even being issued in this particular case.
6           THE COURT:  But if it was on - if it had something to
7  do with this underlying Indictment --
8           MS. FULLERTON:  I don't know what that had - I don't
9  know what he was arrested for on - frankly, Your Honor, I don't
10 know what it was he was arrested for on September 20 of 2006.
11 I do know that when we had to bring him over for initial
12 appearance, he was in State custody on something which required
13 us to get a writ to have him brought over here for his initial
14 appearance.  But what he was in custody for at that time, I
15 don't know, and I can't tell from looking at the presentence
16 report.
17          THE COURT:  Well, the Government does agree that he
18 should be - at least receive credit from 9-30-2007 at least if
19 we use that as the date from the presentence report.
20          MR. VELASQUEZ:  Your Honor, excuse me.  9-30-06.
21          THE COURT:  9-30-2006.
22          MS. FULLERTON:  Okay.  Well, the - according to what
23 the LPD printout is, it does show 9-30-2006.  So, yes, from
24 that date until he was released on conditions - yes, he should
25 get credit for that.

PDF created with pdfFactory trial version www.pdffactory.com

```
 1              THE COURT:  Which was 10-5 --
 2              MS. FULLERTON:  Yes.
 3              THE COURT:  -- of --
 4              MS. FULLERTON:  2006.
 5              THE COURT:  -- '06.  And then he was picked up again
 6   for a violation of pretrial release when?
 7              MS. FULLERTON:  When did he get picked up?  He's got
 8   two different dates that aren't making sense to me.  Here.
 9   See, we have June 7 and July 7.  Which was it?
10              MS. VELASQUEZ:  May 17 is when --
11              VOICE:  That should be May 17.
12              MS. FULLERTON:  Oh, okay.  I'm told May 17 of 2007.
13              THE COURT:  May 17, 2007 to the present?
14              MS. FULLERTON:  That's when he was arrested in
15   Mississippi?
16              VOICE:  Yes.
17              MS. FULLERTON:  Okay.  Until the present, yes.
18              THE COURT:  Thank you.
19              Mr. Velasquez, do you have anything you want to add?
20              MR. VELASQUEZ:  No, Your Honor.
21              THE COURT:  Thank you.
22              Mr. Wiley, you have the right to speak before I
23   sentence you.  You're not obligated to say anything, but you
24   may speak now, sir, if you like.  Do you want to say anything?
25              THE DEFENDANT:  Yes, sir.
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1                THE COURT:  Go ahead.
 2                THE DEFENDANT:  First, I would like to apologize to
 3   the Court for my own behavior.  I would also like to apologize
 4   to my family for letting them down.  That's all.  Thank you,
 5   Your Honor.
 6                THE COURT:  You're welcome.
 7                To reflect the seriousness of the offense, to promote
 8   respect for the law, to provide for just punishment, and to
 9   afford deterrence, recognizing that the guidelines are
10   advisory, considering all of the statutory goals of sentencing,
11   I sentence you to 151 months in prison.
12                I recommend to the Bureau of Prisons that you be
13   placed in a facility in Memphis, Tennessee, and I recommend in
14   the strongest possible terms that you are enrolled in the
15   intensive drug treatment program of the Bureau of Prisons.
16                I further recommend to the Bureau of Prisons that you
17   receive credit for time served and official detention in this
18   case from September 30, 2006 through October 5, 2006 and then
19   again from May 17, 2007 until today's date.
20                When you're released from prison, you will serve five
21   years of supervised release.  The terms and conditions of
22   supervised release will be the standard conditions together
23   with the special conditions set forth in your written
24   sentencing recommendation, a copy of which was provided to your
25   counsel on November 1, 2007.
```

PDF created with pdfFactory trial version www.pdffactory.com

1        I do not impose a fine because you could not pay one
2   and are not expected to be able to pay one.  And you will pay
3   the mandatory $100 special assessment.
4        Counsel, that is my judgment, my sentence, and my
5   Bureau of Prisons recommendations.  Are there any questions?
6        MS. FULLERTON:  No, Your Honor.
7        MR. VELASQUEZ:  No, sir.
8        THE COURT:  Do the parties wish any further
9   elaboration of my statement of reasons?
10       MS. FULLERTON:  No, Your Honor.
11       MR. VELASQUEZ:  No, Your Honor.
12       THE COURT:  Mr. Wiley, it is my obligation to inform
13  you of your right to appeal.  You have a right to have a higher
14  court review what I've done.  That's called an appeal.  If you
15  want to take that appeal, you have to file something in the
16  court file called a notice of appeal.  It's not hard to do.
17  You write down "I want to appeal" and file it in the court
18  file.  Or you can tell your lawyer to file that for you, and if
19  you tell him to do so, he's got to do that for you.  Or you can
20  tell the lady who sits in front of me, my courtroom deputy, to
21  file the paper for you.  And if you do, she has to do that for
22  you as well.
23       If the paper is filed within ten days, a higher court
24  will review what I've done.  They'll give you a free lawyer if
25  you can't afford one.  And they won't make you pay money to

PDF created with pdfFactory trial version www.pdffactory.com

1  appeal.  But you've got to file the paperwork within ten days
2  or you lose your right to appeal.
3          In a minute, I'll leave the bench and this lady will
4  give you a piece of paper that basically tells you what I just
5  told you.  That's the time to tell her if you want her to file
6  the notice of appeal for you.
7          Do you have any questions about your right to appeal,
8  sir?
9          THE DEFENDANT:  No, sir.
10         THE COURT:  Is there anything further that we can
11 take up at this time?
12         MS. FULLERTON:  No, Your Honor.
13         MR. VELASQUEZ:  No, sir.
14         THE COURT:  We stand in recess.
15    (end of proceedings - 12:20 p.m.)
16                       * * * * *
17
18
19
20
21
22
23
24
25

PDF created with pdfFactory trial version www.pdffactory.com

14

## TRANSCRIBER'S CERTIFICATE

I hereby certify that the previous pages reflect truly, accurately and completely the recording of this proceeding as transcribed by me to the best of my ability.

In testimony whereof, I have hereunto set my hand this 12th day of July, 2009.

s/Karen Mason - Transcriptionist

PDF created with pdfFactory trial version www.pdffactory.com