IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:06CR3145 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **BRIEF IN SUPPORT OF** |
| v. | ) | **MOTION TO REDUCE** |
| | ) | **SENTENCE UNDER § 404 OF** |
| O'DARI ZANDAGHE WILEY, | ) | **THE FIRST STEP ACT** |
| | ) | |
| Defendant. | ) | |

On May 10, 2007, Mr. Wiley pled guilty pursuant to a plea agreement to an Indictment charging him with conspiracy to distribute 50 grams or more of cocaine base, a violation of 21 U.S.C. 846. The PSR determined that Mr. Wiley was responsible for 2.47 kilograms cocaine base. See, Revised 2019 First Step Retroactive Sentencing Worksheet, filing 144.

At the time that Mr. Wiley was sentenced on November 7, 2007, 2.47 kilograms of cocaine base corresponded to a base offense level of 36. When combined with Mr. Wiley's criminal history score of II, the sentencing guideline range was 151-188 months. Mr. Wiley received a sentence of 151 months.

On April 11, 2012, Mr. Wiley received a sentence reduction to 121 months pursuant to 18 U.S.C. § 3582(c)(2). This sentence reduction was based upon a change in the conversion rate for crack cocaine.

On September 30, 2019, the probation office filed a Revised 2019 First Step Act Retroactive Sentencing Worksheet, filing 144, stating:

> Mr. Wiley was held responsible for 2.47 kilograms of cocaine base by the sentencing judge, which results in the same base offense level. The amount of cocaine base for which he was held responsible is greater than the quantity of cocaine base required for a Class A felony under the First

Step Act (280 grams). However, these amounts were found by the judge and not a jury. The defendant agreed he was responsible for 50 grams or more of cocaine base. If Judge Gerrard's opinion in *United States v. Moore*, 4:09CR3092 (D.Neb., August 22, 2019) is followed, then Mr. Wiley would be eligible for, but not necessarily entitled to, a sentence reduction under the First Step Act. If the *Moore* opinion is followed, the mandatory minimum and maximum change, the statutory range is 5 to 40 years. It should be noted that whether to reduce the offender's sentence at all is discretionary under the First Step Act.

Mr. Wiley suggests that the logic set-forth in Judge Gerrard's decision in *United States v. Moore*, 4:09CR3092 (D. Neb., August 22, 2019), should be applied to his case. Additionally, this Court has ruled in *United States v. Jaktine Moore*, 4:09CR3091, (D.Neb. October 22, 2019), in which this Court explained:

> Essentially, I agree with Judge Gerrard's approach. *United States v. Jonair Tyrece Moore*, No. 4:09-CR-3092, 2019 WL 3966168 (D. Neb. Aug. 22, 2019) (finding the defendant eligible for relief under the First Step Act, but in the exercise of discretion denying relief, thus leaving the prison sentence at 235 months). I summarize Judge Gerrard's thoughtful decision as follows:
> (1) under § 404(b) of First Step Act, one looks to the drug quantity alleged in the indictment to determine eligibility;
> (2) the First Step Act does not require a "plenary resentencing" to the extent that the court may revisit all issues considered by the sentencing judge—the focus is only the changed statutory range as derived from the indictment (and, presumably, the Guideline range impacted by application of the First Step Act through application of the Fair Sentencing Act);
> (3) when a judge grants relief, the judge is not "resentencing" the defendant—rather, the judge is essentially reducing the sentence similar to a sentence reduction under Federal Rule of Criminal Procedure 35 and, thus, the defendant need not be present and no hearing need be held;
> (4) while the drug quantity found by the sentencing judge does not determine eligibility, the amount of drugs found by the sentencing judge is "highly relevant" when determining the extent of any reduction; and
> (5) under the First Step Act, the judge has "unfettered discretion."

Following this formula, in Mr. Wiley's case, should result in a sentence reduction as he is eligible for a sentence reduction to 97 months. Thus, Mr. Wiley asks this Court to amend his Judgment to a sentence of 97 months. Mr. Wiley's current projected release date is April 8, 2026. Should the Court reduce Mr. Wiley's sentence, it results in a 23

month reduction, bringing Mr. Wiley's release date to on or about March 8, 2024.

Mr. Wiley has submitted letters of support simultaneously with this brief.   These letters make it clear that upon his release, Mr. Wiley will have a strong support system in a loving community that has faith Mr. Wiley can be a productive member of society.   Mr. Wiley respectfully requests that the Court review the letters prior to determining whether to reduce his sentence.

Respectfully submitted this 6th day of January, 2020.

                              O'DARI ZANDAGHE WILEY, Defendant

                              By:/s/ *Jessica L. Milburn*
                                   Jessica L. Milburn
                                   Assistant Federal Public Defender
                                   112 Federal Building
                                   Lincoln, Nebraska 65808
                                    402-221-7820
                                   Attorney for Defendant