IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:06CR3145 |
| vs. | BRIEF IN OPPOSITION TO MOTION TO REDUCE SENTENCE UNDER §404 OF THE FIRST STEP ACT |
| O'DARI ZANDAGHE WILEY, | |
| Defendant. | |

COMES NOW Plaintiff, the United States of America, by and through the undersigned Assistant United States Attorney, and submits the following in response to Defendant's Motion to Reduce Sentence Under § 404 of the First Step Act. (Filing 152).

**HISTORY**

On May 10, 2007, Defendant pled guilty to a charge of conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base. (Filings 1, 44-46). In his plea agreement, Defendant agreed that he was responsible for at least 50 grams of cocaine base and that his base offense level should not be less than 32. The parties agreed that the determination of the amount of cocaine base, in excess of 50 grams, that the Defendant should be held responsible for would be determined through the sentencing process. (Filing 46).

The Presentence Investigation Report attributed 2.47 kilograms of cocaine base to Defendant. (Presentence Investigation Report, (hereinafter: PSR) at ¶ 28.) Under the Guidelines Manual in effect at the time, Defendant had a Base Offense Level 38. (PSR ¶ 38). Defendant's Criminal History Category was II. (PSR ¶ 53). With a three-level reduction for acceptance of responsibility, Defendant's Guideline sentencing range was 188-235 months. (PSR ¶ 74). Defendant did not object to the PSR finding regarding the amount of cocaine base involved. (Filing 66).

1

On November 7, 2007, this Court found Defendant's base offense level should be reduced by two levels in accordance with changes to the Sentencing Guidelines which became effective on November 1, 2007. This resulted in a Guidelines range of 151-188 months, and this Court sentenced the Defendant to 151 months. (Filings 86-87, 92).

On March 5, 2012, Defendant filed a motion to reduce his sentence based on the 2011 changes to the Sentencing Guidelines, and on April 11, 2012, this Court granted the motion and reduced Defendant's sentence to 121 months. (Filings 115-116).

On December 4, 2014, Defendant filed another motion to reduce his sentence pursuant to changes in the Guidelines. (Filing 122). On June 1, 2015, pursuant to a stipulation of the parties, this Court reduced Defendant's sentence to 120 months. (Filings 129-130).

On March 4, 2019, Defendant filed a *pro se* motion to reduce his sentence pursuant to the First Step Act. (Filing 138). On March 6, 2019, this Court denied the motion based on the calculations of the Probation Office in the Retroactive Sentencing Worksheet. (Filings 137, 139). A Revised Retroactive Sentencing Worksheet was filed on September 30, 2019. (Filing 144). Subsequently, on January 6, 2020, Defendant filed the Motion at issue here for resentencing pursuant to the First Step Act. (Filing 152).

## APPLICATION OF THE FIRST STEP ACT

The First Step Act of 2018 ("2018 FSA") took effect on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Section 404 of the 2018 FSA made the threshold crack quantities of the 2010 FSA retroactive. Under the 2018 FSA, a defendant who was sentenced for conduct that occurred before August 3, 2010, and whose statutory sentencing exposure would be different under Section 2 of the Fair Sentencing Act, is entitled to consideration for a reduced sentence. 2018 FSA, Sections 404(a) & 404(b). Even if a defendant is eligible, the court is not

required to reduce the sentence. 2018 FSA, Section 404(c). The Eighth Circuit recently discussed the procedures involved in considering such matters.

> A court considering a motion for a reduced sentence under § 404 of the First Step Act proceeds in two steps. First, the court must decide whether the defendant is eligible for relief under § 404. Second, if the defendant is eligible, the court must decide, in its discretion, whether to grant a reduction.

*United States v. McDonald*, ___ F.3d ___, 2019 WL 6721187 (8th Cir. 2019).

### 1. Defendant is eligible for consideration of a reduction under the First Step Act.

The first step is to consider whether or not the Defendant is eligible for a reduction under the First Step Act. The Eighth Circuit's analysis in *McDonald* suggests that the answer in this case is yes. Defendant was convicted of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846. Persons convicted of violating § 846 are to be sentenced according to the provisions of 21 U.S.C. § 841(b). The Fair Sentencing Act of 2010 changed the quantity of cocaine base required to trigger a mandatory minimum sentence of 10 years under 21 U.S.C. § 841(b)(1)(A)(iii) from 50 grams to 280 grams. The Fair Sentencing Act of 2010 did not apply to persons, such as the Defendant, who were sentenced prior to August 3, 2010. Section 404(b) of the First Step Act of 2018 allows district courts to "impose a reduced sentence" for a "covered offense" as though the Fair Sentencing Act of 2010 had been in effect at the time the "covered offense" was committed. "A 'covered offense' is defined as 'a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . , that was committed before August 3, 2010.'" *McDonald*, __ F.3d___, 2019 WL 6721187 at *2.

3

The Eighth Circuit stated in *McDonald* that the question of eligibility turns on the offense of conviction rather than the amount of drugs involved. "The First Step Act applies to offenses, not conduct, *see* First Step Act § 404(a), and it is McDonald's statute of conviction that determines his eligibility for relief (citations omitted)." 2019 WL 6721187 at *2. Because Defendant was convicted under a statute for which the penalties were modified by Fair Sentencing Act of 2010, he is eligible to have his request for a reduction considered.

Defendant's statutory sentencing range is now five to 40 years in prison. Under the current Guidelines, Defendant's total offense level is 29, his criminal history category remains II, and the advisory Guidelines range is 97-121 months. (Filing 144).

**2. This Court should exercise its discretion to deny a further reduction.**

The fact that Defendant is eligible for a reduction due to his conviction under a statute for which the penalties were altered under the Fair Sentencing Act of 2010, made retroactive by the First Step Act of 2018, does not mean he is *entitled* to a reduction or a hearing on the matter.

> The text controls. Under the First Step Act, district courts "may" impose a reduced sentence, and: "Nothing. . . shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act of 2018, 132 Stat. 5194, 5222. Further, the Act does not mention, let alone mandate, a hearing. Because the Act gives district courts discretion to reduce the sentence and does not mention a hearing, it does not require district courts to hold a hearing.

*United States v. Williams*, 943 F.3d 841 (8th Cir. 2019).

With respect to Defendant's request, this Court should exercise its discretion and decline to grant one. The court should treat similarly situated defendants the same. If another defendant were to be found today to be involved with the same amount of cocaine base, 2.47 kilograms, he

4

or she, (Defendant 2.0), would undoubtedly be charged with conspiracy to distribute and possess with the intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base. Assuming Defendant 2.0 had the same criminal history category of II as the Defendant, and all other calculations remained the same, Defendant 2.0 would face a minimum mandatory sentence of 10 years (120 months) in prison, the same as Defendant's current sentence. Defendant 2.0's base offense level would be 32 for at least 840 grams but less than 2.8 kilograms of cocaine base. U.S.S.G. § 2D1.1(c)(4). With a three-level reduction for acceptance of responsibility, the total offense level would be 29, and with a criminal history category of II, Defendant 2.0's advisory range would be 120-121. This would result in Defendant 2.0 facing a minimum sentence 23 months longer than the sentence Defendant would receive it this Court reduces his sentence as he suggests for essentially the same conduct. As a result, in order to avoid unnecessary sentencing disparity, the Government respectfully suggests that this Court exercise its discretion and deny a further reduction in Defendant's sentence.

    Respectfully Submitted,

    UNITED STATES OF AMERICA,

    JOSEPH P. KELLY
    United States Attorney
    District of Nebraska

    By:     s/ Sara E. Fullerton
            SARA E. FULLERTON, #18314
            Assistant U.S. Attorney
            487 Federal Building
            100 Centennial Mall North
            Lincoln, NE 68508
            Tel: (402) 437-5241
            E-mail: sara.fullerton@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on February 4, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants. I also hereby certify that a copy of the same was served by regular mail, postage prepaid, to the following non-CM/ECF participants: None

      s/ Sara E. Fullerton
      Assistant U.S. Attorney